UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NERSES VARDKE MARTIROSYAN, | ) | 1:09-CV-01198 OWW GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO CHANGE NAME OF RESPONDENT |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., et al., | ) | |
| | ) | |
| Respondents. | ) | |

    Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). A failure to name the proper respondent deprives a habeas court of personal jurisdiction. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." Brittingham, 982 F.2d at 379, quoting Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986) (Bork, J., in chambers). In a case such as this where a detainee is challenging his indefinite detention by ICE, the appropriate respondent would be the Attorney General of the United States.

    Petitioner has filed an amended petition listing the United States Attorney General as

1 | Respondent in this matter.  Accordingly, the Clerk of Court is DIRECTED to change the name of
2 | Respondent to Eric H. Holder, Jr.
3 |
4 |    IT IS SO ORDERED.
5 |    **Dated:   August 4, 2009**             **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE