# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERSES VARDKEZOVEC MARTIROSYAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., et al., <br><br> Respondents. | 1:09-CV-01198 OWW GSA HC <br><br> ORDER GRANTING MOTION TO TRANSFER AND TRANSFERRING PETITION TO SOUTHERN DISTRICT OF TEXAS <br><br> [Doc. #25] |

Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition in this Court on July 10, 2009. He contends he is being indefinitely detained in violation of his due process rights as determined in Zadvydas v. Davis, 533 U.S. 678, 688 (2001). At the time he filed his petition, he was detained at the Kern County detention facility. Therefore, venue was proper in this district. See 28 U.S.C. § 1391(b). On September 24, 2009, ICE transferred Petitioner to the Houston Service Center. Respondent states the transfer was effected due to Petitioner's ongoing medical issues. The Houston facility has a Department of Health and Human Services Health Clinic which is able to provide services not available at the Kern County

facility.

On October 6, 2009, Respondent filed the instant motion to transfer the petition to the Southern District of Texas. Respondent argues venue is now proper in the Southern District of Texas, because that is where Petitioner is currently incarcerated. However, when a petitioner properly brings a habeas action in a particular district, a transfer to a district in another state while the petition is pending does not divest the court of jurisdiction. Ahrens v. Clark, 335 U.S. 188, 193 (1948), *overruled on other grounds*, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Personal jurisdiction is retained in the original district. Id. Nevertheless, a petition may be transferred to a different district if doing so would be in the interest of justice. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"). In this case, Petitioner is currently located at the Houston Service Center. Respondent states Petitioner is not expected to be returned to Kern County. The ICE official now responsible for executing the order of deportation is in Houston. Petitioner's Alien File is in Houston. Finally, Respondent states it is most likely that Petitioner will depart from Houston. Accordingly, the Court finds that a transfer to the Southern District of Texas would be most convenient for the parties and in the interest of justice.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Respondent's motion for transfer is GRANTED and the petition is TRANSFERRED to the United States District Court for the Southern District of Texas.

IT IS SO ORDERED.

**Dated:   November 19, 2009**            /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE